UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9688 PA (PDx) | | Date | February 2, 2026 |
|---|---|---|---|---|
| Title | Albert Taclob v. U.S. Renal Care, Inc. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS – COURT ORDER

The Court is in receipt of the parties Joint Stipulation to Dismiss Class Claims filed by plaintiff Albert Taclob ("Plaintiff") and defendant U.S. Renal Care, Inc. ("Defendant") on January 30, 2026.  (Docket No. 26.)  The Stipulation provides for the dismissal of the class claims, and the maintenance of Plaintiff's individual wage and hour claims.  (Id.)  The Notice of Removal filed in this matter (Docket No. 1 ("NOR")) alleges that the Court possesses jurisdiction over the action pursuant to the 28 U.S.C. § 1331 (federal question jurisdiction) and the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  (NOR at pp. 2-3.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  Id. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Here, the Court no longer possesses federal subject matter jurisdiction under CAFA, and there is no federal question jurisdiction because the Complaint alleges only state law claims. Accordingly, the parties ordered to show cause why this action should not be remanded to state court.  See Royal Canin USA, Inc. v. Wullschleger, 604 U.S. 22, 39 (2025) (holding that when "any federal anchor" supporting jurisdiction is "gone, ... jurisdiction over the residual state claims disappears as well"); Faulk v. JELD-WEN, Inc., 159 F.4th 618, 622 (9th Cir. 2025) (ordering remand of case removed under CAFA after plaintiff excised class action allegations from the complaint alleging state law claims).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9688 PA (PDx) | Date | February 2, 2026 |
|---|---|---|---|
| Title | Albert Taclob v. U.S. Renal Care, Inc. | | |

The parties' responses to this Order to Show Cause shall be filed no later than February 17, 2026.  The Order to Show Cause will stand submitted upon the filing of the responses.  The Court will notify the parties if it determines that a hearing is necessary at a later date.  Failure to respond to this Order may result in the remand of this action to state court.

IT IS SO ORDERED.